**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNE W. NORLOFF,
Plaintiff-Appellant,

v.

COMMONWEALTH OF VIRGINIA,
Defendant-Appellee,

CLARENCE H. CARTER, in his official
and individual capacities,

No. 98-1478

Department of Social Services;
VINCENT J. JORDAN, in his official
and individual capacities,
Department of Social Services;
HAROLD G. HOBSON, in his official
and individual capacities,
Department of Social Services,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-980-A)

Argued: December 2, 1998

Decided: February 22, 1999

Before MICHAEL and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael L. Waldman, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, Washington, D.C., for Appellant. Bradley Brent Cavedo, SHUFORD, RUBIN & GIBNEY, P.A., Richmond, Virginia, for Appellee. **ON BRIEF:** Jay D. Majors, David B. Wiseman, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, Washington, D.C., for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anne Norloff appeals the district court's grant of summary judgment in favor of the defendants on her Title VII and Equal Protection claims. We affirm.

Norloff worked as special counsel for the Division of Child Support Enforcement (DCSE) of the Virginia Department of Social Services (DSS). She prosecuted child support cases out of the DCSE's Fairfax, Virginia, office. Wayne Edwards was a court specialist, or paralegal, in the same office. Norloff is white, and Edwards is African American.

On October 31, 1995, while working on a case together, Norloff and Edwards had a disagreement that culminated in what Norloff characterizes as a "verbal assault" by Edwards. Fallout from the incident was significant. Norloff filed a formal report concluding that Edwards' "rigidity and assaultive behavior make it impossible for me to represent DCSE's interests effectively." One week later, Edwards was taken off cases that Norloff was handling. Edwards objected to the reassignment. On November 8, 1995, he filed a grievance with the DSS alleging race discrimination. In fleshing out the details of his

2

grievance, Edwards told investigators that Norloff had made "inappropriate comments of a sexual nature" to him. The DCSE treated these allegations as a sexual harassment complaint, and in December 1995 the DCSE began investigating this complaint.

Norloff contends that Harold Hobson, a DSS Employee Relations Manager, conducted an unnecessarily probing and protracted inquiry into Edwards' harassment claim against her. She alleges that Hobson investigated not only her office conduct, which might have been relevant to Edwards' harassment charge, but also her private life. She also complains that although investigators concluded after seven months of investigation that Edwards' allegations could not be proved or disproved, they nonetheless recommended she be given a formal warning regarding her future conduct around the office.

One more detail is important. While his harassment claim against Norloff was being investigated, Edwards was reassigned to Arlington cases. When Norloff learned of this, she told her supervisor that she could not work with Edwards. In response, the supervisor assigned Norloff to work on Fairfax County cases. Subsequently, Norloff suffered severe depression, developed a debilitating kidney infection, and left the DCSE.

Norloff makes several claims under Title VII. She alleges that her transfer from Arlington cases to Fairfax cases amounts to disparate treatment because of her race and gender. In the alternative, she claims that the transfer was a constructive discharge. She alleges that the Commonwealth created a sexually hostile work environment by conducting a baseless, improper, and biased investigation into her personal life. Finally, she alleges an Equal Protection violation.

The district court rejected each of these claims. It concluded that Norloff's transfer from Arlington to Fairfax cases was not an adverse employment action under Title VII because Norloff retained "the same kind of job, the same rank, the same pay, the same responsibilities, and the same offices." It concluded that the investigation did not constitute the frequent, severe, physically threatening or psychologically humiliating activity necessary to sustain a hostile work environment claim. It concluded that Norloff's working conditions were not

so intolerable as to permit a finding of constructive discharge. Finally, it dismissed the Equal Protection claim.

After considering the joint appendix, the briefs of the parties, and the arguments of counsel, we affirm substantially on the reasoning of the district court. See Norloff v. Virginia, No. CA-97-980-A (E.D. Va. Feb. 10, 1998).

AFFIRMED

4